Abel Acosta — Clerk of Court
Court of Criminal Appeals
P.O. Box 12308 Capital Station
Austin Tx, 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

Abel Acosta, Clerk

Date: 10-22-2015

RE: F40659-A

Yes, Enclosed is a copy of Applicant's objections to the State and trial courts Recommendation to deny habeas Relief. Can you Please File-stamp-date and Set for submission with court in your usual fashion Please.

Thank you
#1432777

Robert Michael Story #1432777
2661 FM 2054
Tennessee Colony, TX 75884

CAUSE NO. F40b59-A

EX PARTE                              § IN THE COURT OF CRIMINAL APPEALS
ROBERT MICHAEL STORY                  § AT
APPLICANT                             § AUSTIN TEXAS

## APPLICANT'S OBJECTION'S TO THE RESPONDENT'S ANSWER AND THE TRIAL COURT'S RECOMMENDATION TO DENY HIS HABEAS CLAIMS

TO THE HONORABLE COURT:

The Applicant Presents to this court his objections to the above title and will show the court as follows;

## JURISDICTION

This court has Jurisdiction to hear this Pleading Pursuant to the C.C.P. art. 11.07 § 3; Tex. Const. art 1 § 19.

## RE-EVALUATION OF CLAIMS

Upon the Respondent's original answer of habeas Grounds for review, the State only addressed (5) of the (6) Grounds alleged by the applicant and the trial court issued order to deny on this, "Respondents Answer".

The Applicant requests from this court to Re-evaluate the habeas Grounds for review for the following reasons:

1. The habeas claims were not determined by the law to the facts Presented in the attorney's affidavit and in Applicants memorandum against Professional norms which outlines reasonable representation. e.g. Strickland 104 S.CT. at 2055,2056; and

---

Footnote: 1
The attorney's affidavit clearly shows that he failed to investigate Applicants mental history Prior request of Government funds and Giving advice to Plea bargain.

1.

2. Applicant's Ground #6 on his habeas Application was not addressed by the trial court or by the state's written response of denial making this particular issue unadjudicated on the merits.

The Applicant would like to mention this courts statement in Ex Parte Reedy 271 SW 3d 698 stating that "the findings of the trial court do not bind this court in habeas Proceedings and this court may make contrary findings when the record will not support the trial courts findings". Id at 727 (2008).

## OBJECTIONS

The state as well as the trial court issues that Counsel (Mr. Mason's) affidavit alone refuted all Applicants claims of ineffective assistance of Counsel. See (Resp. Ans. P. 3). In Summary, Applicant argues that his acceptance of the states 25 year plea bargain was involuntary due to his trial counsel's failure to 1) present affirmative defense of insanity (at the time of offense) 2) investigate mental health records 3) advised Applicant to plead guilty even though he knew he was mentally ill 4) interview Potential witness for mitigation evidence and support for insanity defense 5) examine by an Psychiatric expert for insanity at time of offense and 6) request medical expert support during plea process knowing Applicant was taking several Psychotic medications at time of Plea.

One of the most important duties of an attorney representing a his client is advising the defendant about whether he should plea guilty. U.S. V. Herrera 412 F.3d 577, 580 (5th Cir. 2005). An attorney fulfills this obligation by informing his client about the relevant

circumstances and the likely consequences of a plea. A defendant can not make an independent and intelligent choice about whether to accept a plea offer unless he 'fully' understands the risk of Proceeding to trial. See also Ex Parte Reedy 282 SW 3d 492,500 (2009)

In discussing these Professional norms, the Supreme Court stated (instrickland) "In any case presenting an ineffective assistance claim, the performance inquiry must be whether counsel's assistance was reasonable, considering all circumstances, prevailing norms of practice as reflected in American Bar Association Standards and the likes. e.g. ABA Standards for Criminal Justice 4-1.1 to 4-8.6 (2d ed. 1980). The Strickland Standard does not establish mechanical rules. The ultimate focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Strickland 104 S. ct at 2056.

Following the Supreme Court's directive, Texas Courts turn to the pertinent provision of the Professional Rules of Conduct, communication 1.03:

(b) a lawyer shall explain a matter to the extent reasonably necessary to permit clients to make informed decisions regarding representation.

Also the Texas Rules of Professional conduct Rule 1.01 (b)

(b) In representing a client, a lawyer shall not:
1. neglect a legal matter entrusted to the lawyer,
2. Frequently fail to carry out completely the obligation that the lawyer owes to a client.
(c) As used in this rule "neglect" signifies inattentiveness, involving a conscious disregard for the responsibilities owed to a client.

Counsel was informed by Applicant that he had a history of mental illness and due to him not taking his medication relapsed into a psychotic episode which dulled his reasoning from right and wrong. See (App. Memo, P. 16-17).

3.

The habeas record shows that Counsel did not believe Applicant because he never investigated Applicant's Prior mental records. See (Appl. memo. Pgs 16-17, 20-21; Att. Aff. P. 1 ). Under false Pretenses, it tends to show, that Counsel Procured Government funds for and expert to evaluate Applicant and to diagnois that Applicant was faking mental illness. See (Att. Aff. P. 2 ). Nevertheless, at the time Prior to this evaluation, Counsel nor Dr. Helge were concerned about investigating Applicants Prior medical history and only concerned to move forward by fabricating Applicants mental diagnosis. Counsel based his legal rational to not Pursue an insanity defense based on his Preconceived fabrication. See (Att. Aff. P. 2 ).

Once Counsel did find that Applicant was indeed mentally ill and a request by Dr. Price to have Applicant re-evaluated and Possibly hospitalized (Att. Aff. P. 3 ), Counsel still ignored Pertinent evidence of mental history and mental illness and Proceeded to Present Applicant with a Plea bargain of 25 Years TDC. See (Att. Aff. P. 3 ). Counsel has failed in his role of advocate to his client and his representation fell below an-objective standard of reasonableness.

It is well known that the Due Process Clause Prohibits the conviction of a Person who is mentally incompetent (initially and at time of offense). Bishop v. U.S. 350 U.S. 901, 76 S.CT. 440, 100 Led. 835 (1956). This Constitutional right cannot be waived by the incompetent - by Guilty Plea or other wise. Carroll v. Beto 421 F.2d 1065, while a Guilty Plea may only be attacked on the bases that it is Contradictory to argue that a defendant may be incompetent and Yet knowingly or intelligently waive his rights... Pate v. Robinson 383 U.S. 375, 384, 86 S.CT. 836, 841, 15 Led2d 815 (1966).

4.

When an defendant challenges a Guilty Plea after sentencing on the Ground that his lawyer Provided him ineffective assistance he must demonstrate (1) counsel's advice was not within the range of competence demanded of attorney's in criminal cases and (2) there is a reasonable Probability that but for counsel's error he would of not have Pleaded Guilty and would have insisted on Going to trial. Hill v Lockhart 474 52,56-59,106 S.CT 366,369,370 (1985). See also Williams V. State 945 S.w.2d 886,903 (Tx. APP. Waco 1997 Pet. refd).

In other words, the 2 Part standard from strickland 466 U.S. 668,104 S.CT 2052 (1984) applies to a collateral attack on the Voluntariness nature of a Guilty Plea on 6th amendment Grounds. No is considered knowing or Voluntary if made by ineffective assistance of counsel. See Ex Parte Burns 601 Sw2d 370,372 (1980). See also Ex Parte Harrington 310 Sw2d 452,458 (2010)

The 1st Prong of Hill v Lockhart is an inquiry into whether counsels advice fell below an objective minimum threshhold of competence. At 74 u.s at 57. See also Williams 945 at 903 and Kober 988 Sw2d 230,232 (Tex.Cr.APP.1999). Because the record establishes that due to counsel's disbelief that Applicant had mental illness he failed to investigate his medical history. Due also to counsel's reluctance to investigate, he was not Prepared to advance and competent counsel once the evidence surfaced to Applicants mental illness. Efforts to Salvage the situation by eliciting trial counsels intended advice Via affidavit cannot eliminate the Prejudicial deficiency.

If applied, the Professional norms already speak against counsel's representation. ABA Guidlines Proscribe counsel a duty to investigate

Promptly. This duty exists regardless of the accuseds admissions or desire to plead guilty. 4-4.1 Duty to Investigate. These Guidlines also dictate that counsel should 'NOT' engage in plea discusions with the prosecution attorney under no circumstances to recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed. ABA Guidelines 4-6.1 duty to Explore disposition without Trial. (b).

In criminal litigation, as in other matters, information is the key guide to decisions and actions. The lawyers who is ignorant of the facts cannot serve the client effectively. Without adequate investigating, the lawyer is not in a position to make the best use of such mechanisms as conducting plea discusions and or trial strategy effectively. The lawyer has a substantial and important role to perform in raising mitigating factors both to the prosecution initially and to the court at sentencing. Information concerning the defendant's background, education, mental and emotional stability and family relationships will be relevant, as will mitigating circumstances surrounding the commission of the offense itself. Investigating is essential to fulfillment of these functions. Strickland 104 S.CT at 2056, 2060

## PREPONDERANCE OF EVIDENCE
For entitlement of habeas relief by a reviewing court applicant must prove his claims by a preponderance of the evidence. Kniatt V. 206 sw3d 657, 664 CT. Cr. App. 2006); ExParte Williams 65 sw3d 656, 658 (2001).

The habeas record, by a preponderance of evidence shows that

6.

Due to counsel's decision to prematurely abandon his investigation of Applicants medical history (Att. Aff. P. 2 ), counsel was unable to fulfill his role of advocate and failed to:

1. Present a defence of insanity at the time of offense. Grounds, one, two. Applicant's memorandum Exhibits 4-8,12 are pre-existing medical history of his illnesses, medication and parole stipulations to remain on meds through mental health treatment.

A mental state defense may have been a plausible defense for Applicant. Evidence that Applicant had ceased taking medication (psychotropic drugs), and suffered relapse of his paranoid schizo-phrenia, became withdrawn, not knowing right from wrong may have convinced a jury of his mind frame at time of the offense. The probability exists that if Applicant went to trial this would of been the outcome, in which Applicant would have rejected plea and would have went to trial.

2. have Applicant evaluated for insanity at time of offense and advised him to plead guilty even though facts showed at time of offense he didn't know right from wrong (APP. memo. Exhibit 4-8) (and 1,2). Grounds three and five Counsel, because he did not believe Applicant about mental history abandoned the insanity defense. (Att. Affidavit P 2 ).

3. notify witnesses who wanted to testify on Applicants behalf and to testify of Applicant's mental episodes. (mem. Exhibits 1,2). Ground four

4. Request expert to assist in plea negotiations knowing that Applicant was on several medications (psychotic) even Thorazine. (mem. Ex. 5). Ground 6.

Due to Applicants shizophrenia illness, paranoid and the medication used to sedate him, there was need of psychiatric monitoring

7.

to clinical insure that Applicant's Plea was knowing and trully voluntarily.

## CONCLUSION

By the Preponderance of the evidence, Applicant has shown that the trial Court's recommended resolution of this Cause is not Solely based on the record and Applicant reqvests this Courts Plenary review on the merits.

Respectfully, Submitted

#1432777

## CERTIFICATE OF SERVICE

I Robert michael, story, do certify that a true copy of the above Pleading has been delivered by Postal mail to Abel Acosta clerk of Court of Criminal Appeals P.O. Box 12308 Capital Station Austin Tx 78711 on the 22nd day of October 2015.

Signed #1432777

Robert Story #1432777
2661 Fm 2054
Tennessee Colony Tx 75884

8.